# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

WISCONSIN WINDOW CONCEPTS INC,

       Plaintiff,

v.                                                                     Case No. 10-CV-726

UNITED BROTHERHOOD OF CARPENTERS &
JOINERS OF AMERICA CHICAGO REGIONAL
COUNCIL OF CARPENTERS, and
ALLIED CONSTRUCTION EMPLOYERS ASSOCIATION,

       Defendants.

_____

# ORDER

On August 24, 2010, the plaintiff filed a complaint in this court against four defendants, (Docket #1), two of whom have since been dismissed pursuant to a stipulation of the parties. (Docket #7). On that same day, the plaintiff filed a motion for a temporary injunction. (Docket #3). The plaintiff did not provide the court with a memorandum of law or other material in support of the motion. Failure to file a supporting memorandum of law violates Civil Local Rule 7(a). Moreover, the plaintiff never contacted chambers to inquire as to the procedure for resolving a temporary injunction. Such actions are truly remarkable, given that a preliminary injunction is "an extraordinary remedy never awarded as of right." *Winter v. NRDC*, Inc., 129 S. Ct. 365, 376, 172 L. Ed. 2d 249 (2008). However, not to be outdone, the defendants, who have been served and are represented by an attorney who has filed a notice of appearance before this court, failed to oppose the plaintiff's motion within the time allotted by the local rules. Civil L.R. 7(b). Moreover, according to this

court's local rules, the "failure to file a memorandum in opposition to a motion is sufficient cause for the Court to grant the motion." Civil L.R. 7(d). As this case presently stands, it appears to the court that all of the parties' attorneys are all but battling to see who can violate more of the local rules in this litigation. While there certainly will be no winner in such a contest, one clear loser will be the judicial process. "Compliance with the [local] rules is expected," Gen. L.R. 1, and the court's fairly basic expectations have not yet come close to being met by both parties' attorneys in this case. The court anticipates the parties' future filings with this court will be far more attentive to the local rules' requirements.

With respect to the plaintiff's motion for a preliminary injunction, the court does not hesitate in denying the motion. A preliminary injunction will not be granted unless "the movant, by a clear showing, carries the burden of persuasion," which requires the plaintiff to "initially establish a better than negligible chance of succeeding on the merits and the inadequacy of legal remedies." *Chi. Dist. Council of Carpenters Pension Fund v. K&I Constr.*, 270 F.3d 1060, 1064 (7th Cir. 2001). As the plaintiff has not presented any legal authority to support its motion, the court is obliged to deny the motion. Moreover, the plaintiff should take pause before filing any similar motion, as the plaintiff's lack of diligence in pursuing its preliminary injunction "raises questions" regarding the bona fides of any claim that the plaintiff will face irreparable harm if a preliminary injunction is not entered. *Ty, Inc. v. Jones Group Inc.*, 237 F.3d 891, 903 (7th Cir. 2001).

The plaintiff has also moved to voluntarily dismiss defendant Allied Construction Employers Association. (Docket #5). Pursuant to Fed. R. Civ. P. 41(a)(2), an action may be dismissed at the plaintiff's request by a court order. The federal rule's presumption is that the action be dismissed without prejudice. Fed. R. Civ. P. 41(a)(2). As such, the court will dismiss the plaintiff's claim against Allied Construction Employers Association without prejudice.

Accordingly,

**IT IS ORDERED** that plaintiff's motion for a temporary injunction (Docket #3) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that plaintiff's motion to dismiss party Allied Construction Employers Association (Docket #5) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the complaint against defendant Allied Construction Employers Association be and the same is hereby **DISMISSED without prejudice**.

Dated at Milwaukee, Wisconsin, this 8th day of October, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge